(3 Misc. Rep. 599.)

STEVENS et al. v. HUBER et al.

(City Court of Brooklyn, General Term. May 22, 1893.)

SALE—RESCISSION FOR FRAUD—EVIDENCE.
　　In an action to rescind a contract for the purchase of a saloon, store fixtures, furniture, and the good will of the business for $6,000, on the ground that defendants induced the purchase by false representations that the saloon, store fixtures, and repairs had cost them $11,000, while as a fact this portion of the property cost them only $6,800, it is error to exclude evidence offered by defendants to show the value of the good will of the business.

Appeal from special term.
Action by Harry W. Stevens and another against George H. Huber and another to rescind a contract. From a judgment for plaintiffs, defendants appeal. Reversed.
Argued before CLEMENT, C. J., and VAN WYCK, J.

Straley, Hasbrouck & Schloeder, for appellant Huber.
Hirsh & Rasquin, for appellant Gebhardt.
Charles E. Burke, for respondents.

VAN WYCK, J. This action was brought to rescind an executed contract of purchase by plaintiffs from the defendants of a certain saloon, store fixtures, furniture, and the good will of the business for $6,000, of which $2,500 was paid in cash and $3,500 in a chattel mortgage on the property. The plaintiff had judgment, and therefrom this appeal is taken. Such rescission is

claimed on the ground that plaintiffs were induced, to their "great damage and injury," to make the purchase by the false and fraudulent representation of the defendants that the saloon, store fixtures, and repairs had cost them $11,000, and the court found that this portion of the property only cost them $6,800. Was it necessary, to sustain this action, that plaintiffs should have been damaged; in other words, that they were induced by false and fraudulent representations to purchase property not fully worth $6,000, the sum they paid for it? "The party must suffer some pecuniary loss or injury as the natural consequence of the conduct induced by the representation. * * * Fraud, without resulting pecuniary damage, is not a ground for the exercise of remedial jurisdiction, equitable or legal. Courts of justice do not act as mere tribunals to enforce duties which are purely moral." Pom. Eq. Jur. (2d Ed.) § 898. This seems to be a correct statement of the rule in such cases. We have been unable to find, and our attention has not been called to, any authority in this state which is in conflict therewith. This being so, then the value of the property sold was material, and the court erred in excluding the offer of evidence to show the value of the good will of the business, and the exception of the defendants thereto was well taken. This renders the consideration of the other questions or exceptions unnecessary, unless the judgment can be sustained solely on the ground that the defendants agreed to take the property back, and refund the purchase price within a year, if the plaintiffs were not satisfied. We do not think an action to rescind such a contract of purchase founded upon fraudulent representations can be converted into an action to enforce a contract to buy back at the same price within a certain time. This objection was raised and overruled, to which the defendants duly excepted. Judgment must be reversed, and new trial ordered, with costs to appellants to abide the event.